11830

CLOWNEY v. RIVERS, STATE WAREHOUSE COMMISSIONER

(129 S. E., 159)

APPEAL AND ERROR—DECISION ON APPEAL THAT EVIDENCE ON PARTICULAR QUESTION WAS FOR JURY HELD NOT TO PRECLUDE CONSIDERATION OF ANY OTHER ISSUE ON RETRIAL.—In action against State Warehouse Commissioner for wrongful delivery of cotton to mortgagee, holding on appeal that evidence presented question for jury whether

mortgage covered "rent cotton" such as that involved *held* not to preclude consideration of any other issue on trial *de novo*, nor to prevent plaintiff from showing full payment.

Before BONHAM, J., Fairfield, October, 1923. Affirmed.

Action by J. Spratt Clowney, Jr., against J. Clifton Rivers, State Warehouse Commissioner. Judgment for plaintiff, and defendant appeals.

*Messrs. John M. Daniel, Attorney General,* and *S. M. Wolfe,* for appellant, cite: *Repeating objection to point already ruled on:* 127 S. C., 213.

*Messrs. Hemphill & Hemphill* and *J. C. McLure,* for respondent, cite: *Reply improper in absence of counterclaim:* Code Civ. Proc. 1922, Sec. 414; 85 S. C., 350; 56 S. C., 313.

September 8, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Action against the defendant, as State Warehouse Commissioner, for the recovery of damages on account of the alleged conversion of 12 bales of cotton delivered to a state warehouse for storage. The facts out of which the controversy arose are set out in the decision of this Court in a former appeal, reported in 129 S. C., 58; 123 S. E., 759.

Upon the former appeal the questions involved were (1) whether the Circuit Court erred in directing a verdict for the plaintiff; and (2) whether error was committed in refusing defendant's motion for nonsuit. The Court decided that no error was committed in refusing defendant's motion for nonsuit, but held that the direction of a verdict for the plaintiff was erroneous, and remanded the case for a new trial. From the judgment on verdict recovered by the plaintiff on the new trial, the defendant appeals.

The proposition advanced by appellant's four exceptions is that the Circuit Judge (1) in admitting evidence, (2)

in submitting the issues, (3) in charging the jury, and (4) in refusing to charge, erroneously interpreted and applied the law of the case as announced by this Court in the opinion on the former appeal. For reasons which will be briefly indicated, the appellant's contention is untenable.

The case made for the plaintiff by evidence adduced to support the complaint was a *prima facie* case of wrongful delivery or conversion by defendant of 12 bales of cotton stored with the defendant as warehouseman. The defendant, presumably under a pleaded general denial of liability, sought to justify or absolve himself from liability by showing that the 12 bales of cotton in question had been delivered to the rightful owner, a third party who held a past-due chattel mortgage thereon. To establish title in this third party to whom the cotton had been delivered, the defendant introduced in evidence the chattel mortgage relied on. On the former trial the Circuit Judge held that, inasmuch as it conclusively appeared from the evidence that the 12 bales of cotton in question were "rent cotton," which was not covered by the terms and provisions of the chattel mortgage under which the third party claimed title, the defendant's defense of delivery to the rightful owner had failed, and in that view directed a verdict for the plaintiff. It was the foregoing holding of the Circuit Judge which was reversed on the former appeal, this Court holding that it did not conclusively appear as a matter of fact that the cotton was "rent cotton," or, as a matter of law, that the chattel mortgage did not cover such "rent cotton." In discussing the question raised as to the correctness of the Circuit Judge's conclusion on the former trial that the paper writing, viz., the chattel mortgage, did not cover the cotton stored, this Court in the opinion used this language:

"The question for determination is thus narrowed to whether, under all the evidence adduced, it conclusively appeared that the chattel mortgage in question did not cover the cotton stored."

Based upon that language, apparently, the appellant's contention here is that the effect of the former decision was to limit the issue for determination upon the new trial granted to whether the chattel mortgage covered or was intended to cover the so-called "rent cotton" stored. The foregoing statement as to the point involved and decided on the former appeal would seem sufficient, without argumentative comment, to disclose the fallacy of appellant's contention. On the former appeal, no question was raised or decided as to the nature and scope of the issues made by the pleadings. How the holding of this Court on the former appeal that the trial Court committed error in directing a verdict could be construed as such a controlling judicial determination of all issues, except one, as would be binding upon the Court in a trial *de novo,* is not apparent. The result of that appeal was the award of a new trial in a law case. It was incumbent upon the defendant on the new trial to establish all the essential elements of his case as fully as on the first trial. Thus, on the trial *de novo,* the defense of rightful delivery to the true owner, claiming title under the chattel mortgage, raised the same issue or issues of law and fact as on the first trial; the only controlling effect of the first decision being to determine that, under a proper construction of the chattel mortgage, the question of whether the mortgage covered "rent cotton" was, in the state of facts presented by the record on that appeal, a question of fact for the jury. Obviously, on the new trial plaintiff was as fully entitled as on the first trial to meet the defense of rightful delivery based upon the chattel mortgage by showing that the mortgage at the time of the delivery of the cotton had been fully paid, and hence was null and void and wholly ineffectual to protect defendant against liability for wrongful delivery. See *Frady v. Ivester,* 129 S. C., 536; 125 S. E., 134.

The record discloses no error. The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and COTHRAN, and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.